**UNITED STATES of America,**
**Appellee,**

v.

**Enrique ZAYAS, a.k.a. Rickey,**
**Defendant–Appellant,**

Oscar Hernandez; Rafael Ortiz, a.k.a. "Fito"; Aida Ortiz, a.k.a. Aida Zayas; Carlos Zayas, a.k.a. Carlito, Edwin Ortiz; Rafael Zayas, a.k.a. "Tito"; Francisco Ortiz, a.k.a. "Shorty"; Osvaldo Acevedo, a.k.a. Valdo; Gerald Antonino, a.k.a. Jerry, a.k.a. El Gringo, a.k.a. The White Guy; Jose Luis Zapata, a.k.a. "Carl Che"; David Perez, II, a.k.a. Pito; Amelia Pereira, a.k.a. Mel, Henry McCombre, a.k.a. Slick; Edwin Pizarro, a.k.a. El Hicho; Benjamin Elliot Grant, a.k.a. Benji; Rodney Bruce, a.k.a. Andre M. Bruce, a.k.a. Moogie; Frank J. Best, a.k.a. J.B., Defendants.

Docket No. 00–1484.

United States Court of Appeals, Second Circuit.

June 12, 2001.

---

Robert E. Nicholson, Brooklyn, NY, for appellant.

Alex Hernandez, Assistant United States Attorney, District of Connecticut, for appellee.

Present CABRANES, STRAUB, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and the cause is REMANDED.

On March 30, 1999, defendant-appellant Enrique Zayas pleaded guilty in the United States District Court for the District of Connecticut to one count of violating the federal narcotics laws. The District Court asked Zayas and his attorney a series of questions, found that Zayas was "competent" and that his plea was "knowing," and accepted the plea.

On June 26, 2000, the District Court held a sentencing hearing. That same day, Zayas filed a motion ("the motion") to withdraw his plea on the ground that it was insufficiently knowing and intelligent. In support of the motion, Zayas cited a psychologist's report ("Report") that sug-gested that he has a low intelligence quotient. The District Court then entered a judgment of conviction and sentence, and a notice of appeal was filed.

On appeal, Zayas argues, *inter alia*, that his plea was not knowing and intelligent. In support of this argument, he cites the Report.

When judgment was entered and the notice of appeal was filed, the District Court was divested of jurisdiction over the cause, *see, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), and the motion was still pending. A decision as to the motion would seem to require a fact-intensive consideration of, *inter alia*, (1) the Report and (2) Zayas's demeanor at the plea colloquy. We are, of course, ill-suited to perform such an inquiry, and we are hesitant to review the District Court's judgment without the benefit of its decision on the motion while having jurisdiction to do so. Accordingly, we will vacate the District Court's judgment and remand the cause so that the District Court can decide the motion on the basis of an appropriate evidentiary hearing, and can explain the factual and legal basis of its decision. We do not foreclose the possibility of a new appeal of that decision.

Before concluding, we note that Mr. Nicholson, Zayas's attorney on this appeal, was appointed pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. It is evident that Mr. Nicholson has invested a good deal of time in this case, and it would be economical for him to represent Zayas on remand. The CJA permitting, he should be allowed to do so.

For the reasons stated above, the judgment of the District Court is VACATED and the cause is REMANDED.